**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Jeremy Anderson, on behalf of himself
individually and all others similarly situated,

        Plaintiff,

    v.                            Case No.  2:16-cv-14182-DPH-RSW

P.F. Chang's China Bistro, Inc.,

        Defendant.

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS</u>**


MORGAN, LEWIS & BOCKIUS LLP

Christopher A. Parlo
Melissa C. Rodriguez
Daniel Kadish

101 Park Avenue
New York, NY 10178
212.309.6394
melissa.rodriguez@morganlewis.com

*Attorneys for Defendant*
*P.F. Chang's China Bistro, Inc.*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT ........................................................................................................3

    I.      PLAINTIFF MUST MEET A VERY HIGH BURDEN ON A MOTION TO DISMISS. ...........................................................................................3

    II.    P.F. CHANG'S' COUNTERCLAIMS ARE WITHIN THE JURISDICTION OF THIS COURT. ..................................................4

          A.    THE COUNTERCLAIMS ARE COMPULSORY BECAUSE THEY ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE AS PLAINTIFF'S CLAIMS. ........................................4

          B.    EVEN IF NOT COMPULSORY, DEFENDANT'S COUNTERCLAIMS ARE AT A MINIMUM PERMISSIVE, AND NO FACTS OR ALLEGATIONS EXIST TO WARRANT DECLINING SUPPLEMENTAL JURISDICTION. ................................8

    III.   P.F. CHANG'S COUNTERCLAIMS ARE ADEQUATELY PLEADED..........11

          A.    DEFENDANT HAS STATED A VIABLE BREACH OF CONTRACT CLAIM..........................................................12

          B.    EQUITABLE RELIEF ................................................16

                1.    UNJUST ENRICHMENT AND RESTITUTION ......................16

                2.    ACCOUNTING........................................................17

                3.    OFFSET................................................................17

                4.    FAITHLESS SERVANT............................................18

CONCLUSION ..................................................................................................19

## TABLE OF AUTHORITIES

**Cases**                                                                         **Page(s)**

Ashcroft v. Iqbal,
  129 S. Ct. 1937 (2009) .........................................................................4

Aspey v. Brainwater Enterprises, LLC,
  No. 12-15366, 2014 WL 1308837 (E.D. Mich. Mar. 28, 2014).........................................3, 13

Bauman v. Bank of Am., N.A.,
  808 F.3d 1097 (6th Cir. 2015) ...................................................................5

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) .............................................................................3

Beltran v. Brentwood N. Healthcare Ctr., LLC,
  426 F. Supp. 2d 827 (N.D. Ill. 2006)...........................................................12

Boyd v. Nelson Credit Centers, Inc.,
  132 Mich. App. 774 (Mich. Ct. App. 1984) ......................................................17

Brewer v. Affordable Transp., Inc.,
  No. 14- 2492, 2015 WL 82616 (M.D. Fla. Jan. 6, 2015) .........................................10

City of Chicago v. Int'l Coll. of Surgeons,
  522 U.S. 156 (1997) ...........................................................................11

Coronado v. D.N.W. Houston, Inc.,
  No. CIV.A. H-13-2179, 2014 WL 2779548 (S.D. Tex. June 19, 2014) ...............................8

Detroit Edison Co. v. Michigan Dep't of Envtl. Quality,
  29 F. Supp. 2d 786 (E.D. Mich. 1998) ..........................................................9

Doe v. Cin-Lan, Inc.,
  No. 08-12719, 2010 WL 726710 (E.D. Mich. Feb. 24, 2010) ...............................5, 6, 16, 17

Donovan v. Burger King Corp.,
  672 F.2d 221 (1st Cir. 1982)...................................................................7

Donovan v. Burger King Corp.,
  675 F.2d 516 (2d Cir. 1982) ...................................................................7

Frisby v. Keith D. Weiner & Assocs. Co., LPA,
  669 F. Supp. 2d 863 (N.D. Ohio 2009) ......................................................10, 11

Hunter v. Kenaday Med. Clinic, Inc.,
  No. 8:11-CV-643-T-23TGW, 2011 WL 2600656 (M.D. Fla. June 30, 2011) ..........................6

Iverson Indus., Inc. v. Metal Mgmt. Ohio, Inc.,
  525 F. Supp. 2d 911 (E.D. Mich. 2007) ........................................................13

Kane v. Magna Mixer Co.,
  71 F.3d 555 (6th Cir. 1995) ...................................................................5

Karaus v. Bank of New York Mellon,
  300 Mich. App. 9 (Mich. Ct. App. 2012) .......................................................16

Kassir v. Chertoff,
    No. 07-13014, 2008 WL 4457800 (E.D. Mich. Sept. 30, 2008) ............................... 4

Klever v. Klever,
    333 Mich. 179, 52 N.W.2d 653 (1952) ............................................................ 15

Lou v. Ma Labs., Inc.,
    No. C 12-05409 WHA, 2013 WL 3989425 (N.D. Cal. Aug. 2, 2013) ...................... 8

McConnell v. Allied Performance Techs., Inc.,
    98 Fed. Appx. 397 (6th Cir. 2004) ................................................................ 6

Mead Data Cent., Inc. v. W. Pub. Co.,
    679 F. Supp. 1455 (S.D. Ohio 1987) ............................................................. 10

Mich. Educ. Employees Mut. Ins. Co. v. Morris,
    460 Mich. 180 (1999) .................................................................................. 16

Morris v. Blue Sky Mgmt., LLC,
    No. 11-00979-cv-DGK, 2012 WL 527936 (W.D. Mo. Feb. 16, 2012) .................... 8

Nicholsen v. Feeding Tree Style, Inc.,
    No. 12 CIV. 6236 JPO, 2014 WL 476355 (S.D.N.Y. Feb. 6, 2014) ................... 9, 10

Odish v. Apple, Inc.,
    No. 15-11955, 2015 WL 6507427 (E.D. Mich. Oct. 28, 2015) .............................. 4

Olufemi v. Your Care Clinics, LLC,
    No. 8:05CV1798T17TBM, 2006 WL 269982 (M.D. Fla. Feb. 3, 2006) ............... 4, 7

Prakash v. Am. Univ.,
    727 F.2d 1174 (D.C. Cir. 1984) .................................................................... 11

Royer Consulting Grp., Inc. v. RC Co.,
    No. 257620, 2006 WL 859439 (Mich. Ct. App. Apr. 4, 2006) ............................ 18

Sanders v. First Nat'l Bank in Great Bend,
    114 B.R. 507 (M.D. Tenn. 1990), aff'd, 936 F.2d 273 (6th Cir. 1991) ................... 6

Scherer v. Compass Group USA, Inc.,
    340 F. Supp. 2d 942 (W.D. Wis. 2004) ........................................................... 7

Swartwout v. Edgewater Grill, LLC,
    No. 12-130, 2012 WL 2457868 (W.D. Mich. June 27, 2012) ............................... 5

Synthes Spine Co., L.P. v. Calvert,
    270 F. Supp. 2d 939 (E.D. Mich. 2003) ......................................................... 13

Tooling Mfg. & Techs. Ass'n v. Tyler,
    No. 293987, 2010 WL 5383529 (Mich. Ct. App. Dec. 28, 2010) .................... 18, 19

Torres v. Gristede's Operating Corp.,
    628 F. Supp. 2d 447 (S.D.N.Y. 2008) ............................................................. 8

United States v. McCloud,
    No. 07-15013, 2008 WL 4277302 (E.D. Mich. Sept. 17, 2008) ............................ 3

-iii-

United States v. Ritchie,
   15 F.3d 592 (6th Cir. 1994) ............................................................................. 3

Wilhelm v. TLC Lawn Care, Inc.,
   No. CIV.A. 07-2465-KHV, 2008 WL 640733 (D. Kan. Mar. 6, 2008) ................... 8

Williams v. Long,
   558 F. Supp. 2d 601 (D. Md. 2008) .................................................................... 8

Zambrana v. Geminis Envios Corp.,
   No. 08- 20546, 2008 WL 2397624 (S.D. Fla. June 10, 2008) .............................. 10

**STATUTES**

28 U.S.C. § 1367(a) ........................................................................................... 5, 9

28 U.S.C. § 1367(c) ........................................................................................... 11, 12

FLSA ................................................................................................................ passim

Michican Labor Law ......................................................................................... 6

North Carolina Labor Law ................................................................................ 7

## PRELIMINARY STATEMENT

Defendant P.F. Chang's China Bistro, Inc. ("Defendant" or "P.F. Chang's") respectfully submits this Memorandum of Law in opposition to Plaintiff Jeremy Anderson's ("Plaintiff" or "Anderson") Motion to Dismiss P.F. Chang's' Counterclaims ("Motion to Dismiss" or "Pl. Br.") (Dkt. No. 14-1).  For the reasons set forth herein, Plaintiff's Motion to Dismiss should be denied in its entirety.

Plaintiff, a chef in one of Defendant's restaurants, admits that he accepted a promotion to the position of sous chef in exchange for additional pay and benefits.  Pl. Br. at pp. 4-6.  Indeed, Plaintiff explicitly concedes that "[i]n exchange for <u>regularly</u> performing <u>exempt</u> duties . . . P.F. Chang's offered and paid Anderson a salary which was substantially higher than the compensation paid to the non-exempt [kitchen] employees."  Pl. Br., p. 6 (citing Counterclaims, ¶ 45) (emphasis on "regularly" in original, on "exempt" added).  He further admits that, as a Manager in Training, "he was trained on: all back of the house operations; managing employees' scheduling and other needs, handling payroll, overtime, [] complaints from employees, conducting coaching and counseling sessions with employees, using judgment to effectively manage employees, maintaining quality and productivity, managing inventory and produce, supplies, and other orders."  Pl. Br., p. 4 (citing Counterclaims, ¶¶ 17-24).  Anderson also specifically admits that he "was only offered a sous chef position after demonstrating the knowledge of the <u>managerial</u> and <u>administrative</u> tasks required of sous chefs and proficiency in performing those <u>managerial</u> and <u>administrative</u> tasks."  Pl. Br., p. 4 (citing Counterclaims, ¶ 2) (emphasis added).  Despite these dispositive admissions, and after accepting for fourteen months the additional compensation and benefits that came with his promotion and enhanced responsibiliites, Plaintiff now claims for the first time that he did not perform the <u>managerial</u> and <u>administrative</u> tasks expected of him in exchange for that money.  <u>See</u> <u>generally</u> Complaint   If,

1

however, Plaintiff did not perform the agreed upon exempt duties of the sous chef position despite accepting the related increased pay and benefits, he is liable to P.F. Chang's for: (1) breach of contract;[1] (2) unjust enrichment; (3) being a faithless servant; and (4) accounting and offset/restitution.

Plaintiff incorrectly argues that the Court lacks subject matter jurisdiction over Defendant's Counterclaims and that Defendant's well-pleaded Counterclaims fail to state a claim. Both of these arguments fail as matter of law. First, Defendant's Counterclaims are within the jurisdiction of this Court because they are based on the exact same transactions (and involve the exact same nucleus of facts) that are the subject of Plaintiff's overtime claims in this case: whether or not Plaintiff primarily performed exempt managerial and administrative duties in his role as sous chef. Accordingly, the Counterclaims are clearly within the jurisdiction of this Court.

Second, Defendant's Counterclaims clearly state a claim by alleging, as Plaintiff's **own** moving papers concede, that: (1) Defendant expressly told Plaintiff that he was expected and required to perform managerial duties upon being promoted to sous chef in return for increased compensation and benefits; (2) he accepted the promotion and related additional pay and benefits; (3) yet, Plaintiff now claims he never performed the managerial tasks he was tasked and agreed to undertake in exchange for that additional compensation. As demonstrated herein, these allegations more than adequately support Defendant's Counterclaims.

While Plaintiff also argues as a fallback that, despite the directives and training he received, he was somehow not required to perform exempt duties as a sous chef, or to perform them full-time, this supposed fact dispute cannot be resolved on a motion to dismiss, let alone

---

[1] Simultaneously with the filing of this Opposition, Defendant has filed a notice voluntarily dismissing its breach of the implied covenant of good faith and fair dealing Counterclaim without prejudice.

require dismissal of Defendant's well-plead Counterclaims.  Therefore, Plaintiff's Motion must be denied.

## ARGUMENT

### I.   PLAINTIFF CANNOT MEET HIS HIGH BURDEN ON A MOTION TO DISMISS.

Courts in the Sixth Circuit review motions under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction based on whether the motion presents a facial attack (on the sufficiency of the pleading itself) or a factual attack (on the factual existence of subject matter jurisdiction).  United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  Here, although Plaintiff does not reference this distinction whatsoever, Plaintiff appears to be making a facial attack that the pleadings do not support the jurisdiction of this court.  See Pl. Br., p. 7 ("Defendant pleads state-law claims that do not raise federal questions.").  For this type of attack, similar to Rule 12(b)(6) motions, dismissal is only appropriate "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  United States v. McCloud, No. 07-15013, 2008 WL 4277302, at *10 (E.D. Mich. Sept. 17, 2008); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007) (on a Rule 12(b)(6) motion, the moving party must show that there are not "enough facts to state a claim to relief that is plausible on its face" or that jurisdiction has not been affirmatively pled.).

Federal Rule 8 merely requires "[that plaintiffs] nudge[ ] their claims across the line from conceivable to plausible [by] alleging enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to prove the claim."  Bell Atlantic Corp., 550 U.S. at 570. Further, as numerous courts have held, when deciding a motion to dismiss a counterclaim, the court must "accept all of the complaint's factual allegations as true."  Aspey v. Brainwater Enterprises, LLC, No. 12-15366, 2014 WL 1308837, at *3 (E.D. Mich. Mar. 28, 2014) (denying

12(b)(6) motion to dismiss counterclaims); see also Kassir v. Chertoff, No. 07-13014, 2008 WL 4457800, at *1 (E.D. Mich. Sept. 30, 2008) ("In reviewing a Rule 12(b)(1) facial attack, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party.").  "Moreover, documents attached to a plaintiff's pleadings are incorporated into the pleading."  Odish v. Apple, Inc., No. 15-11955, 2015 WL 6507427, at *6 (E.D. Mich. Oct. 28, 2015).

The detailed factual allegations supporting Defendant's Counterclaims, ***most of which have been confirmed by Plaintiff's factual assertions in his moving papers***, more than sufficiently satisfy the "plausibility" pleading standard.  Far from alleging "bare assertions . . . [which] amount to nothing more than a formulaic recitation of the elements" of the respective causes of action, Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009), P.F. Chang's has provided over six pages of specific factual allegations that adequately state viable Counterclaims and demonstrate the Court's subject matter jurisdiction.  Accordingly, Plaintiff's Motion should be denied.

## II.   THE COURT HAS JURISDICTION OVER P.F. CHANG'S' COUNTERCLAIMS.

### A.   THE COUNTERCLAIMS ARE COMPULSORY BECAUSE THEY ARISE OUT OF THE EXACT SAME TRANSACTION OR OCCURRENCE AS PLAINTIFF'S CLAIMS.

Federal Rule 13(A)(1) provides that a pleading "must" state any claim against an opposing party that "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(A)(1).  The requirement that compulsory counterclaims "must" be stated in the pleadings was "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."  Olufemi v. Your Care Clinics, LLC, No. 8:05CV1798T17TBM, 2006 WL 269982, at *3 (M.D.

4

Fla. Feb. 3, 2006) ("In determining whether a counterclaim is compulsory, the court is to consider judicial economy and inconvenience to the counterclaimant in having to bring a claim arising out of fundamentally the same facts in a separate action.").  A complete identity of facts is not required.  Rather, "the test is whether the claims are so related 'that they form part of the same case or controversy under Article III' of the Constitution.  This test requires only a 'loose factual connection' between the claims." Swartwout v. Edgewater Grill, LLC, No. 12-130, 2012 WL 2457868, at *3 (W.D. Mich. June 27, 2012) (quoting 28 U.S.C. § 1367(a)).  As the Sixth Circuit has stated, "[r]ather than look to whether the original claim and counterclaim literally arise out of the same transaction or occurrence, we ask, 'Is there a logical relationship between the two claims?'  Under this test, we determine whether the issues of law and fact raised by the claims are *largely the same* and whether *substantially the same* evidence would support or refute both claims." Bauman v. Bank of Am., N.A., 808 F.3d 1097, 1101 (6th Cir. 2015) (emphasis in original).

Further, "[t]he Sixth Circuit has indicated that if the counterclaim meets the requirement of being compulsory under Fed.R.Civ.P. 13(a), it must be brought in the main action regardless of whether the counter-claimant's right to relief depends on the outcome in the main action." Doe v. Cin-Lan, Inc., No. 08-12719, 2010 WL 726710, at *5 (E.D. Mich. Feb. 24, 2010) (citing Kane v. Magna Mixer Co., 71 F. 3d 555, 562 (6th Cir. 1995) (emphasis added).  As the court in Kane noted, permitting a counter-claimant to hold its counterclaim in the wings, despite the assertion of a related claim by the original claimant, would result in piecemeal litigation and a waste of resources.  Kane, 71 F. 3d at 562.  P.F. Chang's' Counterclaims easily meet this standard as they literally arise out of the same transaction or occurrence as the Plaintiff's claims.

No new party is named in the Counterclaims and the alleged facts upon which Plaintiff's overtime claims are based are the same facts underlying the Counterclaims.  Specifically, the

main issues for both sets of claims is whether or not Plaintiff performed the managerial and administrative duties that he was tasked and agreed to perform in the sous chef role, and, based on those duties, wheher he was properly compensated for his hours of work.  Indeed, in a decision considering nearly identical issues (which Plaintiff ignores in his Motion), a court in this Circuit held that defendant's counterclaims for, *inter alia,* breach of contract and unjust enrichment that were contingent on the plaintiff prevailing on her FLSA and Michican Labor Law misclassification claims were compulsory.  See Cin-Lan, 2010 WL 726710, at *5 ("Cin-Lan's breach of contract counterclaim is compulsory because it arises out of the same transaction or occurrence that is the subject matter of Doe's claim, and existed at the time Doe filed her amended complaint.  This makes the claim compulsory even if Cin–Lan's *right* to relief did not arise at that time.") (emphasis in original).[2]

Here, as in Cin-Lan, to the extent Plaintiff establishes that he did not perform the exempt tasks he was promoted to perform, he both breached his agreement with P.F. Chang's and was unjustly uncompensated.  As a result, Plaintiff's claims and P.F. Chang's' Counterclaims arise "out of the same transaction or occurrence" (Cin-Lan, 2010 WL 726710, at *5) and are so "logically related" that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.  Sanders v. First Nat'l Bank in Great Bend, 114 B.R. 507, 514 (M.D. Tenn. 1990), aff'd, 936 F.2d 273 (6th Cir. 1991) (holding that counterclaims which were "logically related" to claims raised in a prior action were compulsory and were forfeited because they were not previously asserted).   Multiple other courts have likewise found employers'

---

[2] Furthermore, as the Court noted "if Cin–Lan did not bring its counterclaim in this action, Cin–Lan might risk being permanently barred from bringing the claim against Doe in a later action."  Id., at *5.  See also McConnell v. Allied Performance Techs., Inc., 98 Fed. Appx. 397, 398-99 (6th Cir. 2004) (affirming summary judgment dismissing employees FLSA claims based on *res judicata* because the employee's claims were compulsory counterclaims required to have been brought in earlier action by the employer based on overpayment to the employee).

counterclaims against employees to be compulsory in FLSA actions.  See, e.g., Hunter v.

Kenaday Med. Clinic, Inc., No. 8:11-CV-643-T-23TGW, 2011 WL 2600656, at *1 (M.D. Fla.

June 30, 2011) (denying motion to dismiss defendant's counterclaims and explaining "[i]n this

instance, the counterclaim for fraud derives from an alleged employment agreement (specifying

the plaintiffs' wage and benefits) between the plaintiffs and the defendants.  The counterclaim is

logically connected to, and based on, the same operative facts as the plaintiffs' FLSA claim.

Thus, the counterclaim appears compulsory"); Olufemi, 2006 WL 269982, at *3 ("This Court

finds that, because Plaintiff's FLSA claim and Defendants' counterclaim [for breach of a

covenant not to compete] involve many of the same factual and legal issues, and are offshoots of

the same basic controversy between the parties, granting Plaintiff's motion to dismiss would

involve "substantial duplication of effort and time by the parties and the courts.").  The same

result is plainly appropriate here.[3]

      Plaintiff disingenuously argues -- relying exclusively on decisions from outside the Sixth

Circuit -- that the court should not exercise jurisdiction "over state law claims in FLSA matters."

Pl. Br. p. 12.[4]  However, each of the non-binding decisions Plaintiff cites in support of this

argument is easily distinguishable because, unlike here, the counterclaims asserted in those cases

---

[3] This is not a case in which the Plaintiff can claim that the duties he was to perform and/or performed are irrelevant
to either his FLSA claims or Defendant's Counterclaims.  It is clear in the case-law that chefs performing the duties
Plaintiff said he would perform are exempt professionals.  See, e.g. Scherer v. Compass Group USA, Inc., 340 F.
Supp. 2d 942 (W.D. Wis. 2004) (chef for a university food service operator whose primary duty was management
was exempt even though he spent 75% of his workday preparing food); Donovan v. Burger King Corp., 675 F.2d
516 (2d Cir. 1982) (holding that restaurant assistant managers who were responsible for "preparation and service of
food" in addition to managerial tasks were exempt); Donovan v. Burger King Corp., 672 F.2d 221, 226 (1st Cir.
1982) (holding that restaurant assistant managers "can still be managing . . . even while physically doing something
else").  Accordingly, Plaintiff cannot claim in good faith that an analysis of his duties is not needed.

[4] Plaintiff goes so far as to claim they "seek a narrow adjudication of his and other P.F. Chang's sous chef's FLSA
claims, which Defendant seeks to bloat and discourage with unrelated state law counterclaims."  Pl. Br. p. 14.
Plaintiff, however, has conveniently and disingenuously omitted the fact that he also asserts Michigan and North
Carolina Labor Law claims individually and on behalf of the putative class.  Pl. Br. p. 1.  Notably, Plaintiff's state
labor law claims are also centered on his assertion that he did not engage in any managerial duties, an allegation also
central to Defendant's Counterclaims.

would have required the court to resolve entirely distinct issues, wholly unrelated to the plaintiffs' duties, exempt status and compensation.  See, e.g., Morris v. Blue Sky Mgmt., LLC, No. 11-00979-cv-DGK, 2012 WL 527936, at *3 (W.D. Mo. Feb. 16, 2012) (concluding that employer's breach of contract counterclaim premised on breach of agreement to repay tuition and books expenses was not compulsory where worker's wage claims were "based predominantly around Defendant's rounding and auto-deduction of meal period policies"); Lou v. Ma Labs., Inc., No. C 12-05409 WHA, 2013 WL 3989425, at *3 (N.D. Cal. Aug. 2, 2013) (concluding that an employer's counterclaim alleging the plaintiff stole "unspecified proprietary information in violation of the company's confidentiality agreement" was so factually unrelated to plaintiff's FLSA claim that it would require the court to examine entirely "divergent facts and evidence").[5]  Here, in contrast, the central issue on both sets of claims is what duties the plaintiffs were to perform and whether they did or did not perform them.

While Plaintiff also argues that the Counterclaims are in essence no more than a breach of contract claim, it is the nature of the claim and not its title that drives the compulsory counterclaim analysis.  Here, the "contract" was for Plaintiff to perform the exempt duties of a sous chef – which he now claims he did not perform. Whether he performed those duties is also the central issue with respect to his wage claims.  For Plaintiff to say that those claims are

---

[5] The remaining cases cited by Plaintiff to support his overbroad proposition that state law counterclaims are "generally" not compulsory to FLSA claims are similarly distinguishable For example, Coronado v. D. N.W. Houston, Inc., No. CIV.A. H-13-2179, 2014 WL 2779548 (S.D. Tex. June 19, 2014) is distinguishable because , unlike the case at hand: (1) the employer claimed the plaintiff was not even an employee; and (2) the plaintiff did not bring any state law claims herself.  See also Torres v. Gristede's Operating Corp., 628 F. Supp. 2d 447, 467 (S.D.N.Y. 2008) (holding that defendant's counterclaims, which related to "discrete allegations of misconduct – sexual harassment and credit card fraud" were not compulsory to the plaintiffs' wage misclassification claims); Williams v. Long, 558 F. Supp. 2d 601, 604 (D. Md. 2008) (holding that defendant's fraud and invasion of privacy counterclaims were not compulsory to plaintiff's minimum wage and overtime claims);Wilhelm v. TLC Lawn Care, Inc., No. CIV.A. 07-2465-KHV, 2008 WL 640733, at *3 (D. Kan. Mar. 6, 2008) (holding that counterclaims relating to misappropriation of trade secrets and related claims were not compulsory in a wage and hour action where "[n]o counterclaim is concerned with the number of hours which plaintiffs worked per week or whether they received proper compensation for their overtime."

unrelated (Pl. Br. at 10) is frivolous.  Accordingly, because Defendant's Counterclaims are compulsory, Plaintiff's 12(b)(1) Motion must be denied.

      **B.**      **EVEN IF NOT COMPULSORY, DEFENDANT'S COUNTERCLAIMS ARE AT A MINIMUM PERMISSIVE, AND NO FACTS OR ALLEGATIONS EXIST TO WARRANT DECLINING SUPPLEMENTAL JURISDICTION.**

Even assuming, *arguendo*, that P.F. Chang's' Counterclaims were not compulsory (and they are (see Section II(A), *supra*)), Plaintiff's Motion to Dismiss should be denied because, as Plaintiff concedes, "the counterclaims are permissive" (Pl. Br. p. 11) and are within the Court's supplemental jurisdiction.

Rule 13(b) provides the basis for a federal court to hear a permissive counterclaim.  See Fed. R. Civ. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory.").  Whether a court has subject matter jurisdiction over permissive counterclaims is governed by 28 U.S.C. § 1367(a), which provides that "district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a) (emphasis added).  A counterclaim arises out of the same case or controversy if it shares a "nucleus of operative fact" with the initially alleged claims.  See Detroit Edison Co. v. Michigan Dep't of Envtl. Quality, 29 F. Supp. 2d 786, 789 (E.D. Mich. 1998); see also Nicholsen v. Feeding Tree Style, Inc., No. 12 CIV. 6236 JPO, 2014 WL 476355, at *2 (S.D.N.Y. Feb. 6, 2014).  Notably, this standard is more lenient than the compulsory counterclaim standard under Rule 13(a) as "it is possible for a claim and a counterclaim to arise out of two different transactions or occurrences, yet still share a common nucleus of operative fact."  Nicholsen, 2014 WL 476355, at *2 (in an FLSA action, exercising supplemental jurisdiction over defendant's counterclaims premised on allegation that plaintiff stole a ledger used by defendants to record hours worked by employees after concluding that

9

"litigation of the FLSA claims will entail a substantial portion of the operative facts underlying the [counterclaims]").

Numerous courts, including in this Circuit, have recognized that supplemental jurisdiction should be freely exercised where "the interests of judicial economy and efficiency support" doing so, because "[i]t would be significantly inefficient to require two parallel cases." Frisby v. Keith D. Weiner & Assocs. Co., LPA, 669 F. Supp. 2d 863, 872 (N.D. Ohio 2009) (holding that counterclaims based on the payment of a promissory note under state law were sufficiently related to the plaintifs wage claims and explaining that even though "the claims are not completely overlapping, efficiency counsels strongly in favor of exercising jurisdiction over both." See also Mead Data Cent., Inc. v. W. Pub. Co., 679 F. Supp. 1455, 1462 (S.D. Ohio 1987) ("judicial economy and efficiency are important considerations in determining whether a particular claim constitutes a compulsory counterclaim."); Nicholsen, 2014 WL 476355, at *4 (granting jurisdiction over theft counterclaims and broadly distinguishing FLSA cases where the court denied supplemental jurisdiction over counterclaims related to discrimination); Brewer v. Affordable Transp., Inc., No. 14-2492, 2015 WL 82616, at *1 (M.D. Fla. Jan. 6, 2015) (exercising supplemental jurisdiction over an employer's counterclaims that stated the employee was "not entitled to overtime compensation because during the hours that she claims to have been performing legitimate work duties, she was defrauding the company.  Therefore, Plaintiff's conduct during the hours that she claims to have been working for Defendants without adequate pay arises from a common nucleus of operative fact as Defendant's Counterclaim that Plaintiff was committing fraudulent acts during the time she should have been working"); Zambrana v. Geminis Envios Corp., No. 08-20546, 2008 WL 2397624, at *3 (S.D. Fla. June 10, 2008) (exercising supplemental jurisdiction over an employer's state law counterclaims for tortious

interference with a business relationship, unjust enrichment, and breach of an oral loan in a matter where the employee alleged only overtime wage and hour claims).

As in the foregoing cases, should the Court determine that Defendant's Counterclaims are permissive rather than compulsory, it should exercise supplemental jurisdiction over them because the Counterclaims arise out of the exact same set of facts as Plaintiff's FLSA claims. Indeed, litigation of Plaintiff's overtime claims will necessarily require the court to determine whether Plaintiff primarily performed exempt managerial and/or administrative duties as a sous chef and whether he was properly compensated for doing so. See, e.g., Prakash v. Am. Univ., 727 F.2d 1174 (D.C. Cir. 1984) (reversing a district court's denial of supplemental jurisdiction over state law employment claims, finding that state breach of contract claims "derive from a common nucleus of operative fact" as the employee's FLSA claims, and explaining that "any discovery conducted on the federal issues might aid a gathering of facts relevant to local-law issues"). These issues involve the exact same facts upon which Defendant's Counterclaims are based and, thus, adjudicating both sets of claims together will serve the interests of judicial economy, avoid the waste of judicial and the parties' time and resources, and avoid the risk of reaching inconsistent results on substantially similar issues in multiple forums. See, e.g., Prakash, 727 F.2d at 1183 ("Convenience and economy may well favor an exercise of pendent jurisdiction.").

Having satisfied the same controversy requirement, the discretion to decline supplemental jurisdiction is available only *if* founded upon an enumerated category of subsection 1367(c). City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173, (1997); Frisby, 669 F. Supp. 2d at 872. Section 1367(c) allows the court the discretion to decline jurisdiction over pemissive counterclaims only if:

1.   The claim raises a novel or complex issue of State law;

11

2. The claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

3. The district court has dismissed all claims over which it has original jurisdiction; or

4. Given exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, Plaintiff has not even asserted the existence of any of these four potential reasons for the Court to decline supplemental jurisdiction over the Counterclaims.  Nor could he, as none of those factors are present here.  First, none of the Counterclaims involve a novel issue of state law: they are simple, run-of-the-mill breach of contract and tort claims relating to Plaintiff's employment which this Court is certainly equipped to handle based on well-established law.  Second, the Counterclaims do not predominate over the federal or state overtime law claims, as they are are based on the same alleged facts (whether Plaintiff performed the exempt tasks required of sous chefs and was properly compensated) and time period (his period as a sous chef).  Third, Plaintiff's FLSA claims remain pending before this Court.[6]  Finally, Plaintiff does not even attempt to argue (let alone establish) that any "exceptional" circumstances exist providing a "compelling reason" for declining jurisdiction.[7]  As none of the factors ennumerated in Section 1367(c) exist here, the Court should exercise jurisdiction over the Counterclaims, and Plaintiff's Motion should be denied.

---

[6] The Court also has diversity jurisdiction over Plaintiff's state law wage claims, which are also still pending.

[7] Although Plaintiff attempts to argue that public policy considerations should prevent the Court from exercising supplemental jurisdiction over Defendant's Counterclaims, there is simply no public policy or retaliation concern that prevents employers from bringing meritorious counterclaims against employees.  See, e.g., Beltran v. Brentwood N. Healthcare Ctr., LLC, 426 F. Supp. 2d 827, 834 (N.D. Ill. 2006) ("unlike initiating litigation against an employee, filing a counterclaim will not chill plaintiffs from exercising and enforcing their statutory rights because by the time the employer files its counterclaim, plaintiffs have already made their charges and initiated a lawsuit").

## III.   P.F. CHANG'S COUNTERCLAIMS ARE ADEQUATELY PLEADED.

As noted above, to survive a 12(b)(6) motion to dismiss, a pleading party must only allege sufficient facts to allow the court to determine that the party stated a claim for relief that is "plausible on its face." Aspey, 2014 WL 1308837, at *3. Taking all of the allegations as pleaded in the Counterclaims as true, as the Court must do on a 12(b)(6) motion to dismiss, it is clear that the Counterclaims state plausible causes of action for: (1) breach of contract; (2) unjust enrichment; (3) being a faithless servant and (4) accounting, offset and restitution. The allegations underlying the Counterclaims, including those adopted by Plaintiff in his moving brief, are perfectly clear: Plaintiff: (1) understood that the sous chef position at P.F. Chang's was a managerial position that required him to primarily perform multiple managerial and administrative tasks; (2) with this understanding, willingly accepted the promotion to sous chefs; (3) accepted and received greatly increased compensation and benefits while working as a sous chef in exchange for the performance of the managerial tasks; and (4) has alleged in a Complaint filed in federal court that he failed to complete the various managerial functions he was required and tasked to perform as a sous chef. Counterclaims ¶¶ 21-31, 38-39, 41-47, 52, 56-58, 76-77. These allegations more than adequately state plausible Counterclaims.

### A.   Defendant Has Stated A Viable Breach of Contract Claim

Under Michigan law, a breach of contract claim requires pleading "(1) a contract between the parties, (2) the terms of the contract require performance of a certain action, (3) a breach, and (4) the breach caused injury to the other party." Synthes Spine Co., L.P. v. Calvert, 270 F. Supp. 2d 939, 942 (E.D. Mich. 2003).[8] P.F. Chang's has more than sufficiently pled all these elements.

---

[8] While Plaintiff argues that he did not have an express employment agreement governing his relationship with P.F. Chang's as a sous chef (Pl. Br. p. 2), no such express agreement is required by law to state a breach of contract claim. See Iverson Indus., Inc. v. Metal Mgmt. Ohio, Inc., 525 F. Supp. 2d 911, 917 (E.D. Mich. 2007) ("Under

13

Defendant alleges that the parties agreed on the compensation Plaintiff would receive in consideration for Plaintiff's promotion to the sous chef position and completion of the managerial and administrative tasks required of sous chefs. The Counterclaims state:

> P.F. Chang's employed Anderson to serve as sous chef in certain of its restaurants. In this position, P.F. Chang's employed Anderson to regularly perform exempt duties, including exercising independent judgment and discretion as to how to run the kitchen and managing all the kitchen/back of the house employees at his restaurants. As consideration for the performance of these duties, P.F. Chang's offered to pay Anderson an annual salary plus benefits, including paid vacation time, eligibility for health insurance benefits, long term disability benefits and short term disability benefits. In accepting the position of sous chef, and the salary and benefits offered by P.F. Chang's for such position, Anderson agreed to regularly perform exempt duties during working time at P.F. Chang's.

See Counterclaims, ¶ 57.

The conduct of both parties confirms Plaintiff's agreement to accept higher compensation in exchange for primarily performing exempt managerial tasks. See, e.g., Counterclaims, ¶¶ 16-17 (Plaintiff attended a management employee orientation and executed P.F. Chang's "Management Fraternization Policy"); ¶¶ 18-25 (Plaintiff was trained extensively on how to operate as a manager, including how to supervise, coach, counsel, schedule, train, and do payroll for hourly employees, as well as handle productivity, inventory, food orders, and sales projections); ¶ 26 (Plaintiff successfully completed his management training, was informed he would be required to work in a managerial capacity, and then accepted the promotion to the sous chef position); ¶¶ 30-31 (Plaintiff received significantly increased compensation and benefits as a managerial employee upon his promotion to a sous chef position). Therefore, P.F. Chang's has

---

Michigan common law, an implied-in-fact contract arises between parties when those parties show a mutual intention to contract. A contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction.") (internal quotations omitted).

sufficiently pleaded that there was a clear meeting of the minds concerning compensation, expectations, and duties.

While Plaintiff now conveniently attempts to argue that some "middle ground" could have existed under which he did not have to perform the exempt duties, but did not also breach his contract (Pl. Br. at 18), that argument raises numerous factual disputes that cannot be considered now and which are, therefore, insufficient to warrant dismissal. Defendant's allegations sufficiently plead that a contract was formed when both parties intended for Anderson to work as a sous chef in exchange for greater compensation and benefits. Klever v. Klever, 333 Mich. 179, 186, 52 N.W.2d 653, 657 (1952) ("Intention of parties in making contract should be ascertained by construing it in the light of circumstances existing at the time it was made and manifest intent must prevail over the literal sense of terms.").

Contrary to Plaintiff's baseless assertions (Pl. Br., pp. 14-16), P.F. Chang's has further sufficiently pleaded that it fully performed its end of the agreement to employ Plaintiff as a sous chef to perform managerial duties and to pay him. See, e.g., Counterclaims, ¶ 58 ("P.F. Chang's has performed all conditions, covenants and promises required on its part to be performed in accordance with the terms and conditions of the Agreements by paying Anderson the agreed-upon salary and providing Anderson with the agreed-upon benefits during his tenure as sous chef at P.F. Chang's."). While Plaintiff postulates that based upon the number of hours he is found to have worked he might be able to argue he was not paid any more than he would have been as a non-exempt employee (Pl. Br. at p. 18), that issue again raises disputed issues of fact that can only be determined through discovery. For purposes of this Motion, Plaintiff's assertion of this argument confirms that the number of hours worked, and what was paid for them, is relevant to both Plaintiff's claims and Defendant's Counterclaims.

15

In short, if Plaintiff was not performing the duties expected of him as a sous chef (see,

e.g., Complaint ¶¶ 48, 55)[9] Plaintiff has breached his agreement to work in a managerial

capacity. Counterclaims, ¶ 59. As a result of this breach, "P.F. Chang's has been damaged at an

amount according to proof, including but not limited to the increased pay and value of the

benefits provided to Anderson to perform the exempt duties he agreed to, but now alleges he did

not, perform." Counterclaims, ¶ 60.

Taking these allegations as true, P.F. Chang's has sufficiently pleaded that it reached an

agreement with Plaintiff and fully performed under that agreement, that Plaintiff (by his own

admission) has not performed under the agreement, and, as a result, P.F. Chang's has been

damaged by compensating Plaintiff for a job he allegedly did not perform. As such, Plaintiff's

Motion should be denied.

**B.      Defendant Has Stated Plausible Claims For Equitable Relief**

**1.      Unjust Enrichment and Restitution**

Under Michigan law, an unjust enrichment claim requires the party seeking recovery to

plead and prove: (1) the receipt of a benefit by one party from the other; and (2) the retention of

that benefit where such retention is inequitable. Karaus v. Bank of New York Mellon, 300

Mich.App. 9, 23 (Mich. Ct. App. 2012).[10] Here, P.F. Chang's has pleaded sufficient facts

concerning each element of its unjust enrichment Counterclaim. Defendant clearly alleges that:

(1) to the extent Plaintiff did not perform exempt duties, Plaintiff was unfairly benefitted by

---

[9] Plaintiff cites no authority for his unconvincing argument that "Defendant's 'to the extent' supposition is insufficient to state a claim for breach. " Pl. Br. p. 16. That is not surprising, as it is well-settled that "[t]he law permits contingent counterclaims." Cin-Lan, 2010 WL 726710, at *2 (denying motion to dismiss defendant's breach of contract and unjust enrichment claims that were contingent upon plaintiff prevailing on her FLSA and Michigan state claim that she was misclassified as an independent contractor and entitled to wages).

[10] Since the standard elements of a restitution claim (Counterclaims, ¶¶ 67-74) are the same as those for a claim for unjust enrichment (Mich. Educ. Employees Mut. Ins. Co. v. Morris, 460 Mich. 180, 198 (1999)) both Counterclaims are addressed together here.

receiving additional pay as a sous chef (Counterclaims, ¶¶ 68-69); and (2) Plaintiff acted in bad faith and benefitted unjustly by accepting additional pay and benefits while not performing the managerial tasks he knew he was supposed to fulfill in exchange for such increased compensation.  Counterclaims, ¶¶ 45, 63, 69.  Therefore, Plaintiff's Motion to Dismiss Defendant's unjust enrichment and restitution Counterclaims should be denied.

### 2.    Accounting

To prevail on a claim for an accounting, the moving party must demonstrate: (1) mutual demands; (2) a series of transactions on one side; and (3) payments on the other side.  See Boyd v. Nelson Credit Centers, Inc., 132 Mich.App. 774, 779 (Mich. Ct. App. 1984).  Here, P.F. Chang's has expressly alleged that there was an agreement with mutual demands – Plaintiff demanded a level of compensation and Defendant demanded the performance of exempt duties. P.F. Chang's agreed it would pay Plaintiff substantially increased wages and benefits and, in exchange, Plaintiff  agreed he would perform additional managerial duties.  Counterclaims, ¶¶ 45, 63, 69.   Plaintiff was to complete these managerial tasks on an ongoing basis in return for the increased compensation he received each period.  Id.  Finally, Defendant continued to pay Plaintiff  increased compensation and benefits  on a continuing basis.  Counterclaims, ¶¶ 48, 63, 68.  Additionally, and in contrast to the facts in Cin-Lan, the amount owed under this accounting will require a complex analysis of the tasks completed by Plaintiff each week to determine whether he completed the managerial tasks expected of him as a sous chef, and a determination as to whether any or all the compensation he received each week he worked as a sous chef should be forfeited or reduced (and, if so, by how much).  Therefore, Plaintiff's Motion should be denied.

17

### 3.      Offset

Under, Michigan law, where a party seeks to recover damages arising out of the same transaction or occurrence as the claims brought against it, offset is an appropriate counterclaim. See Royer Consulting Grp., Inc. v. RC Co., No. 257620, 2006 WL 859439, at *2 (Mich. Ct. App. Apr. 4, 2006).  Indeed, the Court in Royer explained that where a party does not raise a counterclaim requesting affirmative relief for the opposing party's independent breach of an agreement, that party will be barred from later asserting these claims.  Id. at *2-3.

Here, Defendant has sufficiently pleaded that it is entitled to a setoff.  Specifically, Defendant has pleaded that it promoted Plaintiff to sous chef to perform certain exempt tasks with the explicit understanding that Plaintiff would be paid more for performing those tasks; Plaintiff agreed to perform those tasks and trained for them, but nonetheless now asserts that he did not perform them; and he did not inform Defendant of this alleged failure to perform until this lawsuit.  Counterclaims, ¶¶ 15-16, 19-20, 25-35; Complaint, ¶¶ 25-30, 48-52.  Defendant has further alleged that, to the extent Plaintiff did not perform managerial tasks as a sous chef, he was overcompensated and owes money to P.F. Chang's.  Counterclaims, ¶¶ 70, 73-74, 87-91. Therefore, Defendant has adequately stated an offset claim and Plaintiff's Motion should be denied.

### 4.      Faithless Servant

Finally, Michigan law also recognizes a cause of action under the faithless servant doctrine.  Tooling Mfg. & Techs. Ass'n v. Tyler, No. 293987 , 2010 WL 5383529, at *7 (Mich. Ct. App. Dec. 28, 2010) ("Michigan courts have long recognized that an agent may forfeit his or her right to compensation under a contract for services when the agent engages in misconduct or grossly mismanages his principal's affairs.").  This doctrine applies where, as here, an employee has not properly performed under his or her agreement with the employer and, for that reason,

has no right to compensation under the agreement.  As set forth in Section III, *supra*, and as Plaintiff acknowledges, he was promoted and given a pay raise and additional benefits to perform certain managerial tasks as a sous chef that he now alleges he did not perform.  Further, prior to this lawsuit, Plaintiff did not inform Defendant that he was not completing the tasks he was specifically promoted to perform.  Counterclaims, ¶¶ 48, 68.  Instead, Plaintiff continued cashing his increased checks and accepting enhanced benefits during the period he held the sous chef position.  Therefore, Plaintiff engaged in knowing misconduct and Plaintiff's Motion should be denied as to the faithless servant counterclaim.  See, e.g., Tooling Mfg., 2010 WL 5383529, at *8 (barring an employee from seeking damages in a wage and hour case where the employee engaged in misconduct.).

## **CONCLUSION**

For all of the above reasons, P.F. Chang's respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated:  March 29, 2017                              Respectfully submitted,

                                                    MORGAN, LEWIS & BOCKIUS LLP

                                                     /s/ Melissa C. Rodriguez
                                                    Melissa C. Rodriguez
                                                    Christopher A. Parlo
                                                    Daniel Kadish

                                                    101 Park Avenue
                                                    New York, NY 10178

                                                    Telephone: 212.309.6000
                                                    Facsimile: 212.309.6001
                                                    mcrodriguez@morganlewis.com

                                                    *Attorneys for P.F. Chang's China Bistro, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 29th day of March, 2017, a copy of the foregoing has

been filed and served via operation of the Court's electronic notification system to the

following:

Sergei Lemberg, Esq.
LEMBERG LAW, LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

William C. Rand
Law Office of William Coudert Rand
488 Madison Ave., Suite 1100
New York, NY 10022
Telephone: (212) 286-1425
Facsimile: (646) 688-3078

*Attorneys for Plaintiff*

/s/ Melissa C. Rodriguez
Melissa C. Rodriguez